PER CURIAM.
Appellant brought an action against ap-pellees in the circuit court, seeking damages for injuries sustained by appellant when his automobile collided with a truck operated by appellee Hale on a public highway.
Appellant seeks to overturn the final judgment awarding him damages in the amount of $4,000.[1] The judgment was entered pursuant to a jury verdict which found that appellant’s damages were $40,-000, but that he was 90 per cent negligent and that defendant Hale, the driver of the truck, was 10 percent negligent. It is ap *1093 pellant’s contention that the trial judge committed a gross abuse of discretion in denying appellant’s motion for a new trial on grounds that the verdict was against the manifest weight of the evidence and that a “stigma” had attached to the verdict.
We have carefully reviewed the issue presented in the light of the applicable principle that a judgment of the trial court reaches the appellate court clothed with a presumption of correctness. The facts in this case were resolved by the jury contrary to appellant’s testimony' and position on appeal. The record reveals that although the testimony before the jury was conflicting, there is substantial competent evidence to support the verdict. It is not this court’s prerogative to reevaluate the evidence and substitute its judgment for that of the trier of fact. Landry v. Hornstein, 462 So.2d 844, 847 (Fla. 3d DCA 1985).
Accordingly, the final judgment and cost judgment appealed are affirmed.
Affirmed.

. Fitzgerald also filed a notice of appeal from the trial court’s order taxing costs against him and in favor of defendant Hale, Case No. 85-1692. The appeals were consolidated by order of this court under No. 85-1692.